**Ex Parte Omar LUGO.**

**No. 04–05–00068–CR.**

Court of Appeals of Texas,
San Antonio.

July 13, 2005.

Alfonso Otero, Mercado Gonzalez & Otero, L.L.P., San Antonio, for appellant.

Susan D. Reed, Criminal Dist. Atty., San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice, SANDEE BRYAN MARION, Justice, REBECCA SIMMONS, Justice.

## OPINION

Opinion by SANDEE BRYAN MARION, Justice.

On July 11, 2004, defendant, Omar Lugo, was arrested and charged with intoxication manslaughter. On January 13, 2005, defendant filed an application for writ of habeas corpus, asserting he was not timely indicted pursuant to Texas Code of Criminal Procedure article 32.01. On January 20, 2005, the trial court conducted a hearing on the application and denied the requested relief.

Pursuant to article 32.01, the State had to file the charging instrument "on or be-fore the last day of the next *term of the court* which is held after his commitment or admission to bail or on or before the 180th day after the date of commitment or admission to bail, whichever date is later." TEX.CODE CRIM. PROC. ANN. art. 32.01 (Vernon Supp.2005) (emphasis added). In Bexar County, grand juries are impaneled for two-month terms. *See* BEXAR COUNTY CRIM. DIST. CT. RULE 5.5. According to defendant, he was arrested during the July–August 2004 term of the 144th Judicial District Court; the "next term" of the 175th Judicial District Court ended on October 31, 2004; and by the time he filed his application for writ of habeas corpus on January 13, 2005, he had yet to be indicted. Therefore, defendant contends article 32.01 mandates dismissal of the criminal prosecution against him. Defendant also argues dismissal of the prosecution is required because more than 180 days have passed since the date of his commitment. We disagree. Although the Bexar County local rules require a criminal district judge to impanel grand juries in accordance with a two-month schedule, this two-month schedule does not control the terms of the Bexar County courts. Instead, the provisions of the Texas Government Code control.

The terms of the Bexar County district courts, which give preference to criminal cases, are established by statute, and begin on the first Monday in January and July and continue until the court has disposed of the business for that term. TEX. GOV'T CODE ANN. § 24.139 (Vernon 2004). Because defendant was arrested during the July to December 2004 term, the last day of the "next term" of the court held after defendant's commitment is the end of the January to June 2005 term. Accordingly, because defendant's application for writ of habeas corpus is premature, article 32.01 does not require dismissal of the

prosecution against him, and the trial court did not err in denying his application.

We overrule defendant's issues [1] on appeal and affirm the trial court's judgment.

---

1. Because we conclude defendant's application for writ of habeas corpus was premature, we do not reach the issue of whether the State established good cause for delay in filing the charging instrument. *See* TEX.R.APP. P. 47.1.